UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PETER J. CRESCI, et al.,

    Plaintiff,

v.

SUSAN GYESS (aka SUSAN GYESS GREGORY), et al.,

    Defendants.

Civ. No. 17-2342 (KM/MAH)

OPINION

### KEVIN MCNULTY, U.S.D.J.:

By Opinion (DE 30) and Order (DE 31) I granted the motion of defendant Susan Gyss[1] to dismiss the amended complaint. Ms. Gyss filed a motion (DE 36) before Magistrate Judge Michael A. Hammer for the imposition of sanctions. Judge Hammer filed a Report and Recommendation ("R&R", DE 39) that the motion be denied. Gyss timely filed an Objection (DE 40) to the R&R. For the reasons set forth below, the R&R is adopted and affirmed, and the motion for sanctions is denied.

### I. STANDARD OF REVIEW

The appropriate standard of review turns on whether the Magistrate Judge's ruling is deemed dispositive or nondispositive. "[T]he [Federal Magistrates] Act authorizes district courts to refer nondispositive and dispositive motions to magistrate judges. Unlike a nondispositive motion (such as a discovery motion), a motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98–99 (3d Cir. 2017).

A district court may refer a nondispositive motion to a magistrate judge "to hear and determine," under subparagraph (A)

---

[1]     As noted in the earlier opinion, she spells her name "Gyss," not "Gyess."

1

of § 636(b)(1). 28 U.S.C. § 636(b)(1)(A). Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo. Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992).

If no party objects to the magistrate judge's order regarding a nondispositive matter, the magistrate judge's order becomes binding "unless the district court takes some action to overrule it." See United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1005 (3d Cir. 1987). "[A] party's failure to object to a magistrate's ruling waives the party's objection." Id. at 1006.

. . . .

Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court. Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878–79 (3d Cir. 1987)). However, we have held that because a district court must take some action for a report and recommendation to become a final order and because "[t]he authority and the responsibility to

2

make an informed, final determination ... remains with the judge," Mathews v. Weber, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), even absent objections to the report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878. We have described this level of review as "reasoned consideration." Id. If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error. Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011); Nara, 488 F.3d at 194. But see Leyva v. Williams, 504 F.3d 357, 363–64 (3d Cir. 2007) (applying de novo appellate review when a pro se litigant did not timely object to a magistrate judge's report and recommendation and the magistrate judge did not "warn[ ] that [the litigant's] failure to object to the Magistrate Judge's report would result in forfeiture of his rights"); Henderson, 812 F.2d at 878 n.4 ("[W]hen the district court elects to exercise its power to review a magistrate's report de novo, a party's previous failure to object becomes irrelevant.").

EEOC v. City of Long Branch, 866 F.3d at 99–100 (footnotes omitted).

There are easy cases, of course: A summary judgment motion is dispositive, and a motion to compel answers to interrogatories nondispositive. A Magistrate Judge's order denying a motion for sanctions, however, falls somewhere in between. As to this particular issue, the Third Circuit has not spoken as to the appropriate standard of review.

The Magistrate Judge took the cautious option of assuming that the award or denial of sanctions is dispositive and proceeding by way of Report and Recommendation. Erring on the side of the non-prevailing party (*i.e.*, Ms. Gyss), I will do the same and review the Magistrate Judge's order *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Loc. R. 72.1c(2). I have reviewed the relevant record (which, for the most part, concerns matters that occurred before me), and examined anew the Magistrate Judge's decision. Finding myself in agreement with Judge Hammer's well-reasoned R&R, I adopt and affirm it. I do so largely for the reasons expressed in the R&R, but add some supplementary analysis.

3

## II. DISCUSSION

The defendant, Ms. Gyss, has filed a motion[2] to impose sanctions upon the plaintiff, Mr. Cresci, pursuant to Rule 11, Fed. R. Civ. P.:

> By presenting to the court a pleading... an attorney or unrepresented party[3] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[2] The Third Circuit long ago adopted a supervisory rule requiring that all motions requesting Rule 11 sanctions be filed before the entry of a final judgment. See *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988). It is true that this motion for sanctions (DE 36) was filed after I had entered my Opinion and Order dismissing the amended complaint. Earlier, however, the plaintiff had filed a Rule 11 motion with respect to the original complaint. (DE 12) The Magistrate Judge terminated that first motion as moot after the plaintiff filed his amended complaint. (DE 16) Ms. Gyss filed a second motion for sanctions, this time in relation to the amended complaint. (DE 20) That motion was administratively terminated by the Magistrate Judge without prejudice, subject to renewal 14 days after my decision on the then-pending motion to dismiss the amended complaint. (DE 26) After I dismissed the amended complaint (DE 30, 31), Ms. Gyss filed this, her third motion for sanctions, for consideration by the Magistrate Judge.

The Third Circuit's *Lingle* rule is supervisory, not jurisdictional; it was adopted as a means of ensuring "that Rule 11 motions be filed and decided in a timely manner." *Simmerman v. Corino*, 27 F.3d 58, 59 (3d Cir. 1994). Given this procedural history, I do not think Ms. Gyss has violated the spirit or even the letter of the *Lingle* rule. Ms. Gyss *did* file her motion (twice) in advance of the court's order dismissing the case. The Magistrate Judge administratively terminated the second motion and directed Gyss to refile later; she had little choice but to comply. (She might have done more, however, to bring to the Magistrate Judge's attention the potential for a *Lingle* problem if the pending motion to dismiss were granted.) The Magistrate Judge's order is understandable; he did not know whether the motion to dismiss would succeed (for that matter, neither did the parties), and he was hardly going to rule on the merits of the amended complaint in advance of my ruling. The better course, in hindsight, would have been for the Magistrate Judge to stay the pending motion for sanctions, rather than administratively terminate it subject to renewal. It is a nice procedural point, but the bottom-line outcome would have been the same.

[3] As noted in my prior opinion, Mr. Cresci was initially represented by his own law firm, but his status was modified to that of a *pro se* plaintiff when he was suspended from the practice of law. See DE 30 n.1.

4

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b).

"If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" Fed. R. Civ. P. 11(c)(1). Such sanctions may include "nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The interpretive case law, and the "exceptional" circumstances that warrant (but do not require) the imposition of sanctions, are reviewed in the R&R at pp. 4–5 (citing, *inter alia*, *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994)).

I do not here review the allegations or repeat the analysis of the Magistrate Judge, with which I agree, but focus on Ms. Gyss's claims of error.

*First*, Ms. Gyss objects to Judge Hammer's statement that there was no evidence, or even really a contention, that the complaint was filed for an "improper purpose." This language, she says, implies that Judge Hammer must have held the legally erroneous belief that sanctions could not be imposed absent a showing of improper motive at the time of filing of a pleading. (Objection p. 4, citing R&R p. 6)

The objection is not well-taken. The phrase "improper purpose" is taken directly from Rule 11(b)(1) itself, quoted *supra*. Filing a complaint for an "improper purpose," such as for harassment or delay, is one of the three forms

5

of litigation conduct prohibited by the quoted subparagraphs of the Rule. Judge Hammer committed no error when, in the course of denying sanctions, he noted that one of the three forms of sanctionable conduct was absent.

Relatedly, Ms. Gyss argues that Mr. Cresci did file the complaint for an improper, vindictive purpose. Gyss notes that Cresci was dismissed from a municipal position in 2009 and has since filed four actions against the City of Bayonne or its related entities and officials. She "concedes that she did not argue" this point before the Magistrate Judge. (Objection p. 8) This Court, she says, should take additional evidence or remand the matter to the Magistrate Judge so that he can hear additional evidence of improper purpose. If it does not do so, she argues, Mr. Cresci is likely to continue to bring baseless actions against the City of Bayonne and related parties.

I decline to do so. This action asserts a specific grievance relating to the pursuit of criminal proceedings, later dismissed, against Mr. Cresci. The existence of other actions does not establish that this action was brought for some collateral, improper purpose. The other actions make separate claims, and, at least as described by Ms. Gyss, they seem to have been brought against officials other than herself. This action is not abusive in the sense of being duplicative. There is no indication that, in bringing this action, Mr. Cresci (whether rightly or wrongly) sought any ulterior outcome aside from an award of damages for a claimed wrong. To the extent his claims lacked a sufficient factual or legal basis, Judge Hammer dealt with that issue separately, and so will I, *infra*.[4]

---

[4] Relatedly, Ms. Gyss notes that Mr. Cresci persisted in his claims despite having the flaws in his original complaint "forcefully brought to [his] attention." (Objection (citing Opinion, DE 30 p. 24)) That wake-up call, however, did not come from the Court as such; Gyss is referring here to her own prior motions to dismiss and for sanctions, to which Cresci responded by amending his complaint.

6

*Second*, Ms. Gyss objects that Judge Hammer failed to make findings as to whether Mr. Cresci made a reasonable prefiling inquiry as to the underlying facts, and whether the pleading was warranted by existing law or a good faith argument for extension of existing law. (Objection pp. 5–8)

As to a "pre-filing inquiry" regarding the facts, I see no need for further findings. Mr. Cresci, remember, is suing on his own behalf; he did not have to do any research into the basis for what his "client" was telling him.

With her motion, Ms. Gyss has submitted her own certification. (DE 36-3) She acknowledges that a criminal complaint for harassment was filed against Mr. Cresci. The complainant, she properly notes, was not herself but Cresci's tenant. Gyss admits, however, that she took it upon herself to pursue an appeal when Municipal Judge Frank Carpenter made a finding of no probable cause. She acknowledges that, as Mr. Cresci alleges, the appeal was taken over by the Hudson County Prosecutor's Office. (She does not state, but presumably does not deny, that her husband was Acting County Prosecutor at the time.) The Municipal Judge's order was reversed. The matter continued in Kearny Municipal Court, where it was dismissed.

Many key factual allegations, then, are not contested, although the implications, both factual and legal, are. Mr. Cresci rarely fails to assign the most malign and conspiratorial motives. In broad outlines, however, he and Ms. Gyss tell a similar factual story. Cresci was criminally charged. When the charge was dismissed for want of probable cause, Gyss stepped in to pursue the matter on appeal, and the case was reinstated. The criminal case, however, went nowhere; now in Kearny, it was dismissed. I cannot say that the plaintiff's grievance, whatever its legal merits, was feigned or fabricated (although, again, I ultimately found it to be lacking in substance).

As to the amended complaint's lack of legal viability, I see more of a basis for Gyss's argument. In a 24-page Opinion, I detailed the shortcomings of the amended complaint and dismissed it. (DE 30) Those shortcomings were many and serious. Mr. Cresci alleged that Ms. Gyss performed her prosecutorial

7

functions in a wrongful manner, but did not, I found, allege enough to pierce prosecutorial immunity. The allegations that might conceivably have sufficed, I found, were phrased too vaguely. The lack of any physical seizure of Cresci doomed the Fourth Amendment claims. The claim of First Amendment retaliation fell outside the two-year statute of limitations. State law claims I dismissed as a matter of discretion under 28 U.S.C. § 1367, because the federal claims were not substantial.

I decline to exercise my discretion to impose sanctions based on the claims' lack of legal foundation. *See generally Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.")(quoting *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 n. 6 (3d Cir. 2008)). Sanctions are not warranted merely because claims are weak. Nor would I impose sanctions merely because a party's allegations were ineptly or confusingly presented. Indeed, to grant sanctions on this basis risks chilling legitimate advocacy. (*See* R&R pp. 6–8, and cases cited.) Here, for example, I would see the need to grant the plaintiff some latitude to *argue* that a prosecutor's alleged "steering" of an appeal to her husband's office exceeded the prosecutorial role, even though that argument did not succeed.

## III. CONCLUSION

For the reasons stated by Judge Hammer and in this Opinion, the R&R (DE 39) is adopted and affirmed. The defendant's motion for imposition of sanctions (DE 36) and her objection to the R&R (DE 40) are denied. An appropriate order accompanies this Opinion.

Dated: April 8, 2019

**KEVIN MCNULTY, U.S.D.J.**